UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LESLIE WILLIAMS, | : | Case No. 3:23-CV-725 (SVN) |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM MULLIGAN, *et al.*, | : | |
| *Defendants*. | : | March 4, 2026 |

### RULING ON MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Before the Court is Plaintiff Leslie Williams's motion for leave to file an amended complaint, ECF No. 99, and Defendants' response to that motion, ECF No. 101. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

I.  BACKGROUND

The Court presumes the parties' familiarity with the history of this action. Plaintiff, a sentenced inmate currently incarcerated at Cheshire Correctional Institution ("Cheshire"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. The Court previously dismissed Plaintiff's procedural due process claim regarding the Department of Correction's escape risk score policy ("Claim One"). Ruling, ECF No. 85. Plaintiff moved for reconsideration of this order. Sec. Mot. to Rec., ECF No. 87. The Court denied that motion. Order, ECF No. 91. The Court later dismissed Plaintiff's Eighth Amendment claim that Defendants were deliberately indifferent to his need for basic elements of hygiene and clothing by failing to control the rising commissary prices, raise worker pay, and afford him access to higher paying prison jobs ("Claim Five"). Ruling, ECF No. 95. The Clerk entered judgment in favor of Defendants on October 28, 2025. *See* J., ECF No. 97.

Plaintiff filed two motions on November 21, 2025: a motion for extension of time to file

an appeal, Mot. for Ext., ECF No. 98, and a motion to amend the complaint, Mot. to Am. Compl., ECF No. 99. The Court granted Plaintiff's motion for extension of time to file an appeal until thirty days after resolution of his motion for leave to amend. Order, ECF No. 100. The Court now considers the Plaintiff's motion to amend the complaint, ECF No. 99, through which he seeks to allege claims for denial of the "means to earn a sufficient wage," deliberate indifference to his right to earn a sufficient wage, and denial of equal protection of the law, based on Cheshire Correctional Institution's failure to create "Level 2 and Level 3 paying jobs for inmates with [L]evel 4 escape scores." *See* ECF No. 99-1 at 8–10.

## II.    LEGAL STANDARD

A district court should freely give leave to amend a complaint when justice so requires. *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (citing Fed. R. Civ. P. 15(a)(2)). "This is a liberal and permissive standard, and the only grounds on which denial of leave to amend has long been held proper are upon a showing of undue delay, bad faith, dilatory motive, or futility." *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (internal quotation marks and brackets omitted).

But Plaintiff has moved to amend his complaint after the entry of a final judgment, *see* ECF Nos. 97 & 99, and a plaintiff seeking to amend a complaint post-judgment must "first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (internal quotation marks and brackets omitted) (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). This is because "it would be contradictory to entertain a motion to amend the complaint without a valid basis to vacate the previously entered judgment." *Id.* (cleaned up) (quoting *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991)). "To hold otherwise would

enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.* (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011)).

Thus, the Court must first conduct a Rule 59(e) or Rule 60(b) analysis. *See Northwell Health Inc. v. Blue Cross and Blue Shield of Mass., Inc.*, No. 2:23-CV-977 (NJC) (AYS), 2025 WL 3500645, at *8 (E.D.N.Y. Dec. 5, 2025) (noting that "when a litigant seeks to vacate or alter a judgment under Rule 59(e) and to amend the operative pleading under Rule 15(a)(2), the court must still conduct the Rule 59(e) analysis first"); *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) (stating that "a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply").

"Where a petitioner seeks to amend his petition after final judgment without bringing a motion to vacate or set aside the prior judgment under Rule 59(e) or 60(b), the court must treat the motion to amend as a simultaneous motion to vacate the judgment on the original [complaint]." *Salvagno v. Dir., Bureau of Prisons*, No. 3:17-CV-318 (MPS), 2018 WL 11216313, at *1 (D. Conn. Jan. 16, 2018) (internal quotation marks omitted) (bracketed material substituted). In doing so, the Court considers "the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Williams*, 659 F.3d at 213.

A. Rule 59(e)

Rule 59(e) provides that a motion to alter or amend the judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). A court may grant a Rule 59(e) motion "only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv.*

3

*Gmbh*, 970 F.3d at 142 (cleaned up) (quotations omitted). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation omitted). And "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation marks omitted). "A court should deny a Rule 59(e) motion where the moving party is solely attempting to relitigate an issue that already has been decided, and must remain vigilant to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *McCarter & Eng., LLP v. Jarrow Formulas, Inc.*, No. 3:19-CV-01124 (MPS), 2025 WL 3074468, at *1 (D. Conn. Nov. 4, 2025) (cleaned up) (quotation omitted).

    B.  Rule 60(b)

Rule 60(b) is a "mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo*, 514 F.3d at 191 (quotation omitted). A court may grant a Rule 60(b) motion only based on "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence"; "fraud . . . misrepresentation, or misconduct by an opposing party"; a void judgment; a "satisfied, released, or discharged" judgment; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Rule 60(b) . . . specifically requires a showing of 'extraordinary circumstances'; these criteria cannot be diluted when the Rule 60(b) motion is made in conjunction with a motion to amend." *Northwell Health*, 2025 WL 3500645, at *8 (citing *BLOM*, 605 U.S. at 210). And "[a] motion for relief from judgment under Rule 60(b) is not a substitute for appeal and may not be used to relitigate the merits of a case." *D'Angelo v. State Farm Fire & Cas. Co.*, 201 F.3d 430, at *1 (2d Cir. 1999) (unpublished).

4

## III.    DISCUSSION

The Court denies Plaintiff's motion for leave to amend, after concluding that Plaintiff has failed to meet the standards of Rule 59(e) or Rule 60(b).

Plaintiff "requests leave to file an amended complaint . . . to add new claims and allegations." ECF No. 99 at 1. Plaintiff maintains that he asserted allegations in his original complaint that "were ambiguous and poorly developed[,] which made it difficult for him to raise a claim on which relief could be granted." *Id.* at 1–2. Plaintiff's amended complaint "simply claims that the Escape Risk Score classification procedure is unconstitutional" because it violates Plaintiff's right to earn a "sufficient wage." *Id.* at 2. The amended complaint also "adds the claim" that Defendants were deliberately indifferent by "fail[ing] to investigate" whether the Escape Risk Score classification procedure violated his right to earn a sufficient wage or buy items at the commissary. *See id.* Finally, the amended complaint seeks to add an equal protection claim, asserting that the prison has failed to provide equal opportunities for higher-paying jobs to inmates with Level 4 escape scores, like Plaintiff. *See* ECF No. 99-1 at 9–10.

Nothing in Plaintiff's motion or amended complaint provides a basis for vacating the judgment under Rule 59(e). The Court dismissed Plaintiff's Fourteenth Amendment due process claim because Plaintiff does not have a liberty interest in his escape risk score, and, without a liberty interest in his escape score, even an allegedly improper score cannot support a procedural due process violation. *See* ECF No. 85 at 6–7. Likewise, the Court dismissed Plaintiff's Eighth Amendment deliberate indifference to conditions of confinement claim because the complaint failed to allege facts satisfying the objective and subjective components of such a claim. *See* ECF No. 95 at 6–7. As to the objective component, prisoners have no right to buy items from the commissary or to a specific job in the prison that would enable them to purchase items from the

commissary. *See id.* at 7–8. Without such a right, Defendants' failure to ensure the affordability of commissary items—either through reducing prices or ensuring Plaintiff had a better-paying prison job—cannot constitute a constitutional deprivation. *Id.* at 8. As to the subjective component, Plaintiff failed to allege that Defendants "knew of and disregarded an excessive risk to inmate health or safety" by forcing Plaintiff to prioritize his spending at the commissary. *Id.* at 9–10.

By "simply claim[ing] that the Escape Risk Score classification procedure is unconstitutional" in the proposed amended complaint, ECF No. 99 at 1, Plaintiff is "solely attempting to relitigate an issue that already has been decided," *McCarter*, 2025 WL 3074468 at *1, because the Court has already determined that the procedure *is* constitutional and does not violate the Fourteenth or Eighth Amendments. *See* ECF No. 85 at 6–7; ECF No. 95 at 6–7. In the first two claims of Plaintiff's proposed amended complaint, it appears that Plaintiff is simply trying to restate his previously-dismissed procedural due process and Eighth Amendment claims under a new theory of a right to earn a sufficient wage. But Plaintiff cites to no intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to justify vacating the judgment and allowing the proposed amendments. *See Metzler Inv. Gmbh*, 970 F.3d at 142. And although the Second Circuit has identified that it may be an abuse of discretion to deny a Rule 59(e) motion if the plaintiff was not given an opportunity to replead in the first place, *see id.* at 144, the primary deficiencies the Court identified in its rulings on Defendants' motions to dismiss were substantive, and could not be cured by repleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); ECF No. 85 at 6–7; ECF No. 95 at 6–10. Indeed, there is "no constitutional right to prison wages and any such compensation is by the grace of the state." *Rudolph v. Cuomo*, 916 F. Supp. 1308, 1315 (S.D.N.Y. 1996) (citing *Hrbek v. Farrier*, 787 F.2d

414, 416 (8th Cir. 1986)). Thus, to the extent Plaintiff is now attempting to replead his procedural due process and deliberate indifference claims under a theory of a constitutional right to a sufficient wage, such theories are futile.

Plaintiff's proposed equal protection claim fares no better. Again, Plaintiff has not identified any legitimate basis under Rule 59(e) to vacate the judgment. There is no change in controlling law or discovery of new evidence that would justify allowing Plaintiff to add a new claim that he did not pursue in the more than two years that this case was pending. And, in assessing the nature of the proposed amendment, as Plaintiff has not identified that he is a member of a protected class, he could only proceed with a "class of one" equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In order to succeed on such a claim, Plaintiff must show that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy." *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005), *overruled on other grounds as recognized by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008). But Plaintiff's own allegations about his escape risk score distinguish himself from potential comparators. He alleges that his Level 4 escape risk score is the classification that is keeping him from a higher-paying job; but that escape risk score itself serves as a rational basis to treat him differently than others with lower escape risk scores, with respect to availability of certain prison jobs.

Likewise, nothing in Plaintiff's motion or amended complaint provides a basis for vacating the judgment under Rule 60(b). Plaintiff does not identify any "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence"; "fraud . . . misrepresentation, or misconduct by an opposing party"; a void judgment; a "satisfied, released, or discharged" judgment; or "any

other reason that justifies relief." Fed. R. Civ. P. 60(b).  He merely attempts to recast his claims in a different light.  And for the reasons explained above, the claims are futile, in any event.

The Court appreciates Plaintiff's allegations that his ability to earn wages are limited, and that commissary prices are increasing.  But the Court has previously held that these circumstances do not rise to violations of Plaintiff's constitutional rights, and Plaintiff has provided no reasons to vacate the judgment and allow him to replead his claims in slightly different variations.

## IV. CONCLUSION

Because Plaintiff provides no valid basis to vacate the previously entered judgment, the Court **DENIES** Plaintiff's motion to amend the complaint.  The deadline for Plaintiff to file a notice of appeal shall begin running as of the date of this ruling.

**SO ORDERED** at Hartford, Connecticut, this 4th day of March, 2026.

                                                 /s/ Sarala V. Nagala
                                                 SARALA V. NAGALA
                                                 UNITED STATES DISTRICT JUDGE